15 minutes per side. Mr. Edwards, you may proceed for the appellant. May it please the court, Bruce Edwards, Michigan Assisting Attorney General, on behalf of the board, I would like to resort five minutes for rebuttal. The district court granted habeas relief in this case.  The case should be reversed. There were two separate files. The defendant was charged with criminal sexual conduct in the first degree regarding a nine-year-old and criminal sexual conduct in the second degree regarding a six-year-old. Two separate cases were consolidated for trial, and he was found guilty. In the first case, the grant of habeas relief is based on a mathematical error. Under Michigan law, if a defendant is convicted after a trial, he must file a form with the court within 42 days. If he does so, he is entitled to a direct appeal. Did Michigan raise that argument? There was a post-conviction petition. Yes, there was. Motion for relief from judgment. Did you raise that? Did you make any record or make that argument to the state court in the post-conviction? No, we did not, Your Honor. Well, in the motions for relief from judgment, that would be handled by the state court. Did the attorney prosecutor make that argument? No, and frequently, the judge didn't ask them to file a response. Frequently, the typical practice is the motion for relief from judgment is filed, the state trial court decides whether or not he wants the prosecutor to file an answer. Unless they ask them to file one, they don't file one, and the judge went ahead and denied relief without an answer. But once again, did you ever make the argument that it was untimely in 43 days rather than... Right, we did not make that argument until our motion for state in the district court, Your Honor. And, you know, as we say, mistakes were made. The state regrets this, we apologize for this, but nonetheless, it's now clear and contestable. Typically, if a petitioner fails to make an argument to the state court, can the petitioner raise a constitutional argument for the first time in the appellate habeas case or in that habeas petition? Well, you know, there are general preservation rules, but you always would have plain error review as a minimum, or you could argue that your attorney had been effective for not raising it. No, so if a habeas petitioner does not raise a constitutional argument in the state appellate court or the state supreme court, is that a habeas petitioner that allowed to raise a new constitutional argument that they hadn't earlier presented to the state court? Well, if you have your direct appeal, then you have your collateral appeal, but you would have to show either plain error, ineffective assistance, some excuse for not raising it in the initial appeal. But then the question is, can they raise it in the habeas if they didn't raise it at all in the state court? Right, then that would be something that's totally unexhausted, and if he's already had one motion for relief from judgment, then he would be barred from filing a second, and Congress has directed that it's totally unexhausted, but of course at that point it would then become procedurally defaulted because it cannot be exhausted because he's already filed his one motion for relief from judgment. And then you would have to go through the procedural default doctrines, and there are exceptions, you know, such as fundamental miscarriage of justice, you can still get past the procedural default if that can be shown, or if ineffective assistance of counsel explains the procedural default, then you can get past the procedural default at that point. Did the state court or courts say that the appellate filing of the petitioner here was timely? That is correct, that is what the state court said. I have argued that the court just assumed it was within the 42nd day, and it was only one day late, I doubt the court got the calendar out, but if it had, it would have seen it was the 43rd day. And anything the state court said is not entitled to deference if in fact I have shown clear evidence that it was mistaken, and the calendar image shows it's clearly mistaken, it was the 43rd day. Did you file an appeal from that state court filing? No, we didn't need to because the court had denied relief. But was it appealed by the defendant? Yes, it was. But did you cross appeal that filing? We didn't need to because there's no need for a cross appeal, you can argue an alternative basis for our performance, but we didn't even make that argument, that's true. I mean, we had belatedly pointed that out, I freely admit that, but it raises the question, what is a federal court to do if it belatedly comes to the court's attention that the defendant's constitutional rights were not populated? Should the court just grant habeas anyway? Or, in my opinion, and the case law says you cannot get a default judgment against the state in a habeas case. Now you can in a typical civil case. Now why is it that you can't get a default judgment against the state in a habeas case? I believe the answer is because Congress has said only a limited number of prisoners are entitled to habeas relief, and they have certain burdens they have to prove. One of them is a contrary to or unreasonable application of clearly established federal law as determined by the Supreme Court, and if you cannot establish that, then the federal courts have no authority, and why would they want to grant habeas relief? And I understand the point, and I think you well supported it, but is there a separate argument as to whether there's a waiver here that, in other words, we require parties in general appellate litigation or in civil litigation to raise all the arguments at the time that the case is filed or the case is first looked at? No question. The doctrines of forfeiture and waiver apply in civil cases. Habeas cases are considered habeas cases and not criminal, excuse me, considered civil cases and not criminal cases because the convention wasn't state court, but habeas cases are a unique kind of civil case where the burden always stays with the prisoner. He always has to show that his federal constitutional rights were violated by the state court, and if you cannot make that showing, no matter what the state does, even if the state never filed an answer, never did anything, you cannot get a default judgment against the state in a habeas case, just as there's a federal court rule that says if the United States is a civil defendant, you cannot get a default judgment against the United States. You have to prove your case. Could the state affirmatively waive the timeliness requirement? I would argue no. We didn't, number one. We just said nothing. I understand. But I just wanted to draw the distinction. There are some cases that talk about waiver, and that's usually when the state has said something affirmatively out of its mouth as opposed to just standing silent and omitting an argument. My hypo is the state says, we think there's an ambiguity between 42 days and 43 days. Do you count the day of the decision or the entry of the judgment, etc.? So we consciously waive the requirement. Could that then be a situation where this petitioner hypothetically would be entitled to habeas? Well, I don't believe he would be entitled to it. I think it would be at the discretion of the federal judges. If the federal judges in their independent review of the file determined that his constitutional rights were not violated, it wouldn't matter what the state said, quite frankly, and it shouldn't. Because why would you want to grant habeas relief to someone whose constitutional rights weren't violated? Let me, with the worry that hypothetical doesn't make sense, with that worry, say a petitioner comes forward and offers evidence that his counsel, that he told his counsel to file an appeal and the counsel never filed it in time, and say that he produces an affidavit supporting that. Does the state get to sit back and not contest that, and then if habeas is granted, then come forward later with an affidavit saying that he did advise the client and the client chose not to appeal? It sounds like you're saying that the state can sit on its hands all the way through and when an evidentiary determination has been made adverse to it, it can resurrect whatever argument or evidence it wants at a late date. Well, let me assure you, the state has no interest in that, because saving a case after the fact is extremely difficult as opposed to just winning up front, but attorneys are human, mistakes are made, large packets are in front of people's desks, they occasionally will miss an argument, but if they didn't concede something specifically, then if it is ever discovered, I mean, I remember hearing about a case over 20 years ago, a civil defendant moved into federal court, jury voted against the defendant in federal court, appealed in the 6th circuit, and then in the 6th court, never had jurisdiction, and the plaintiff screamed bloody murder. What are you talking about? You would have removed it in federal court. But that's a jurisdictional point. Yes, it is. Is there a jurisdictional point here? I'm arguing that this is akin to a jurisdictional thing. In other words, Congress has given this court jurisdiction to grant habeas relief to people convicted in state courts only under certain conditions, and if those conditions are not satisfied, then this court cannot grant habeas relief to a prisoner. So it's like jurisdiction to that extent. As I hear you, Mr. Edwards, you're suggesting it's not an adversarial, typical adversarial, you missed here, then we trumped you there, it's just completely different. Habeas is treated differently in that if the conditions of section 2254 are unmet, courts cannot grant relief. Exactly, and that's why you cannot have a default judgment in a habeas case. Are there any exceptions to the Michigan time limit rule? Are there any rules under Michigan law that would extend the time within which you could petition to have counsel appointed or file a notice? Right, well, for example, if a defendant were convicted today, he has 42 days to request an attorney. If he files it on the 43rd day, he can still request an attorney, still get an attorney, but he has an application for relief as opposed to a claim of abuse. Once you get beyond the six months, that's it. Okay, are there any exceptions to that, either county rules or holiday rules or anything that might cause... Well, Michigan recently adopted the mailbox rule in 2010, several years after this, so that can add a couple days or a week or whatever occasion. Are there any other exceptions? Not that I'm aware of. And you say 42 days to file, 42 days from what? From the action. So in this case, it was when the judge's form was filed with the clerk's office. And then do you start the counting on the next day? Yes, MCR 1.108 says you start counting the next day, but the last day is included. And that's why, in this case, it was filed August 11, and then you count 42 days, and that expired on September 22, and he filed on September 23. And that's why it was one day late. But obviously, everybody up until the state filed this document late in the district court, everybody thought it was 42 days. That's correct. Although, it's possible that the appellate attorney counted it out, and that's why he filed his applications for leave instead of claims of appeal. The Michigan Court of Appeals releases this quite thoroughly, and if they get a claim of appeal and you're only allowed to file an application for leave, they return the brief to the attorney and say resubmit it as an application for leave. Shifting on the failure to file on the other case, did the state trial court judge, was there an order? How was it handled that the two cases were tried together? Was there an order consolidated? Yes. In fact, there was an objection by the defendant. He didn't want the cases consolidated, but the court granted the cases to be heard together. That's correct. Well, what's the argument? Why, then, would one notice of appeal not satisfy both? It theoretically could, except it was not a fair argument. Thank you. I see your red light. May it please the court, Patty Dennis Boyd-Schor, on behalf of Petitioner Appellee Michael Vance. Mr. Vance has been seeking a direct appeal from the state. At the 11th hour, and after the district court had conditionally granted Mr. Vance a written habeas corpus, the state raised a new argument challenging for the first time the state court determination that Mr. Vance's request for appointment of appellate counsel in 2004 was timely. She heard the argument posed by the state, but it's not the case. The question here for the federal courts is whether, under section 2254D, whether the state court decision was contrary to our reasonable application of clearly established federal constitutional law. The state here is arguing, and it says this in its briefs, that the controlling question is whether under Michigan law a direct appeal was available. Michigan law, the Michigan court, has already concluded that Mr. Vance had filed a timely notice of appeal. The question for this court now is whether taking that determination, the state court's decision was contrary to or a reasonable application of clearly established federal constitutional law. I'm saying that the state court determination here is that Mr. Vance's appeal was timely filed. And in federal habeas cases, I don't believe there was an error. I believe the state courts were interpreting their own law to make that conclusion. At worst, it's a finding of factness supported by the Oakland County Circuit Court docket sheet here, which reflects that Mr. Vance's request for counsel was timely filed. The state is asking in the state court trial statement that Mr. Vance's request for appointment of counsel was timely filed on September 23, 2004. The state of Michigan is asking this court to select one part of that statement as being correct, that it was filed September 23, 2004, and to reject the other part that was timely filed. The other part, I would argue, is an interpretation of state law, which should not be disturbed here. But even if it's a finding of fact, it's supported by the record, the Oakland County docket sheet here. In federal habeas cases, we do have a very limited option of reviewing the findings of fact in the state court, right? That's correct. So your opponent is making it sound as though there is absolutely no question that this was filed on day 43, which is too late under Michigan law. It must be on day 32 or earlier. How do you respond to that statement of your opponent, that this is undeniably too late? I don't believe it's undeniably too late. First, again, I believe this is a question of Michigan law. The Michigan courts here have concluded it was timely filed. There have been examples in other cases where the Michigan courts have allowed requests that may or may not have been timely to proceed after the fact for the mailbox rule. In any event, it's not proper for the state to now bring its interpretation of NCR 6425 and 7204 here to this federal appellate court instead of letting the Michigan court, which I believe the Michigan court did, conclude under those rules that this was timely filed. Then, even if it is 43 days after the judgment and when she submitted it, that's still taking the state's, the evidence in the record of the filing September 23, 2004 is the trial court statement. I would submit you can't take one part of that statement and disregard the other part, the timely file part, when, again, that part is about the state court interpretation of state law. If it's not, it's against the binding of the passage of the law. Would there be a viable interpretation that would make it timely? If it's a matter of interpretation, do you suggest an interpretation that would make that? I would submit that Mr. Vance did everything he could to file this document on time. The form itself says within 42 days, and he submitted it within 42 days. Again... But you're now trying to use the mailbox rule, which didn't exist in Michigan at that time. Isn't it undeniable that he filed it on day 43? And if it is deniable, tell me how it's deniable. Here the facts are, as the trial court stated, that it was a timely file and that it was filed September 23, 2004. If it were filed September 23, would that be day 43? That is day 43. It's 43 days after the judgment. So the two statements, I think you have an interesting point. The two phrases there, you say you can't parse it, take one or take both. Correct. But when they conflict factually, what's a court to do? Well, for one, the part of the statement that the state is attacking is supported by the record, the docket sheet, that it's a timely file. Two, again, I believe this is interpreted... Say again, how is it supported by the docket sheet? The docket sheet, it's a record number. Untimeliness is undeniable. The counting, the erroneous counting. The statement by the state trial court that it was filed September 24, 2003, 2004, is supported in this record. You're calling it a holding, I take it? Yes. You're saying a statement. There are two statements there, and you can have us treat the one as a holding and establish a basis in the record that we shouldn't interfere with. That's correct. The first part I would interpret as a holding, a timely filing. That's a state court applying state law. The second part... What's your argument? You were starting to say that the docket supports your counting. I'm wondering if you could finish that. The record here, the support for September 23, 2004, in this record, is the state court's statement in its motion, or its order denying the surveillance's motion for relief from judgment. The support for that it was timely filed, if this court considers that as a finding of fact, is in the docket sheet, the open counting of... The docket entry for Mr. Vance's request for appointment of counsel says timely filed in the docket sheet, and that's record number 9-2 in this case. That's a state court docket sheet, which is entered by a clerical person in the state court on the day September 23rd, when it was actually filed. We can only assume on this record, because this was brought at the 11th hour, what actually happened in the state court when they received the document, whether it was received the day before, when it was stamped, how it was stamped. We just don't have that here, and that's the problem with this argument coming before this federal appellate court in the first instance. So we don't actually have the document with the date stamped on it? The document is actually... It's not part of the record. That was before the district court. That's correct, Your Honor. And I would submit that, again, this is an interpretation of state law that a state court did. At the least, it's a finding of fact supported by the record, the open counting docket sheet, and that's record number 9-2. And because Mr. Vance's request for counsel was timely, his due process and equal protection rights were violated when counsel filed an application for leave to appeal and sub a direct appeal. Again, the law is clearly established here, and the state does not concede that. Under Roe v. Flores-Otego, when counsel deprives petitioner of a direct appeal, prejudice is presumed, counsel is to provide petitioner with a felony liability, which seems to me to be the case here. So the reason for appeal is not a direct substitute for a direct appeal. So may I interrupt you? You're reasoning all the steps that follow hinge on the threshold determination that it was timely. I mean, you don't get to all the other steps. Correct. And I submit that that first step is complete here. The Michigan courts have concluded it was timely. I understand that. It just doesn't seem, it doesn't seem right for a federal court to grant habeas now knowing, I know the district court didn't know this, but now knowing that the application or the appeal was not timely, it was one day late, it doesn't seem right to have a denial of the right to appeal when in fact the attorney was doing the correct thing. We now know because of the very late state filing. We now know the petitioner's attorney was doing the correct thing and seeking leave to appeal because he was one day late. The docket sheet in front of Mr. Bates' counsel at the time said that his docket sheet, though, in a typical court is something that the clerk's office fills out, and it's not something that is binding on the judges. It's just some effort by the clerk's office to report what they think is the situation. That's correct, Your Honor, but that was the reason for him to think it was untimely, even if it was untimely. He may have had the same view as Judge Orr poses that, hey, that was the clerk, it's my job, the docket says whatever, but it is part of my duty as counsel to calculate the actual timeliness here so that I don't fall into the trap that we're told by Mr. Edwards exists. If you file it wrong, you start over. The information available to Mr. Bates' counsel was that timely filing. But that's information after he had already filed the application for leave to appeal, right? The docket sheet was before he filed the application for leave to appeal. The Oakland County docket sheet reflected that it was a timely file. What was timely file? The appointment for counsel. The docket sheet reflects an entry from October of 2004 that his request for counsel was timely file, and that's the information for his attorney. We don't know what else was in front of the attorney at the time, again, because the state didn't raise this until this time. But you're suggesting that counsel would be relying on a docket sheet rather than counting the calendar. A docket sheet, an administrative feature, not a judicial determination. We don't know, again, what was in front of his counsel at the time. We don't know if the form was in front of the counsel at the time. At this late hour, we just don't know what was in front of him. Is that, in some ways, an argument why they should have raised it to the district court and if they needed discovery on the whole issue of what was before counsel, they could have gotten it or you could have gotten it? Are we all kind of surmising what had happened here when there's been no record developed in the case? I agree, Your Honor. I believe that's a problem with the state. What is your understanding about the waiver rule? When somebody doesn't bring an argument to a district court, what right do they have to come up with a new argument after the district court has fully considered the merits? Well, there's case law saying that new arguments will not be heard for the first time on appeal. It is discretionary for this court, in particular circumstances, when there be a manifest injustice. I believe that this is not one of those situations. Here, Mr. Vance filed his motion for release from judgment in the state court in January of 2007, so there was a lot of time in between that motion for release from judgment and the state's answer to the district court's, excuse me, Mr. Vance's habeas petition. This is a reason why, again, that the federal appellate court here should not be asked in the first instance to interpret Michigan law when Michigan courts have already concluded that Mr. Vance's request was timely filed, or to make new findings of fact when... Did a court determine that? You're still referring to the DACA chief. The state court trial court's decision denied Mr. Vance's motion for release from judgment. Did it say timely? Yes, it did. So it implies the DACA chief better evidence that you rely on than that? Oh, I am relying on the, excuse me, Your Honor, the state court trial decision. The, actually, the state cites record number 912 at page 4. In docket number 03-193-604-DC, excuse me, FC, defendant's timely request for appointment of counsel was received on September 23, 2004. Again, I'm arguing that first part of the statement is an interpretation of state law. Even as a finding of fact, that fact is supported again by the DACA chief in this case. With respect to the second case, the trial court's failure to inform Mr. Vance that he needed to file two separate forms to receive appellate counsel for fatality of trial deprived him of his rights to appellate counsel. Mr. Vance could not waive these rights without being properly informed. He knew about the right. He'd been, the trial court judge had informed him of his right to appeal, so he otherwise knew of the ability to have appointed counsel and the time within which he needed to appeal. The answer to the Supreme Court said that when the petitioner otherwise knew of the right to counsel and the right to appeal, that there's no need to explicitly state that to him on the second case. Here the trial court only informed Mr. Vance as to that one case with one form, when his two cases had been consolidated for trial. Did the trial court judge specifically tell him that you've got a right to appeal in case 06-5, or did he just say you have a right to appeal generally? I believe it was just the right to appeal generally that he said. He handed Mr. Vance the form. I don't believe there's any way for him to have known that. He was given one form. He was told to return that form within 42 days. He did all he could. He returned the form and the state is asking again for this court to assume he would have waived those rights and if he put down one case number on that one form, is that what happened? The form is not part of the record here. If the court was just meeting to explain what's on the form, I can do that. And it's not part of our record because it's not part of the district court record? That's correct, Your Honor. I know that you made a lot of other, or at least there were made on behalf of the petitioner, a number of other claims as foreign and hideous beliefs that the district court did not decide. That's correct. So if we were to rule in favor of the state on this appeal, it would be to remand the case to the district court to consider those other issues, correct? That's correct, Your Honor. So would it make sense to remand to the district court not only those other issues and claims of yours, but also to permit the state to raise this issue on remand having to do with the timeliness of the appeal and to allow the district court to develop a factual record on this? I do not believe that would be proper, Your Honor. Under Section 2254E2, I believe there's a new Supreme Court case that says that when state court reaches the merits on collateral receding, that an evidentiary hearing is not available in federal court. And here the state court did reach the merits on the collateral proceeding when it denied Mr. Vance's motion for relief from judgment. If there are no further questions, Petitioner Anthony and Mr. Vance respectfully request that this court confirm the order of the district court in condition of granting the writ of habeas corpus. Thank you for your time. When the state belatedly pointed out that the request had been filed on the 43rd day in the motion for stay, the district court said, I don't want to hear it. He figuratively put his fingers in his ears and said, I'm not listening. Because, as the district court put it, the state waived any substantive defenses to the merits. Now that's just wrong. Let me ask you, because to raise a new issue on appeal, don't you have to generally support it with showing that there would be a miscarriage of justice? That's probably true in the general simple case. So in this case, granted the petition, the guy just goes back and gets an appeal on the 43rd day. He just goes back and makes some argument to the state appellate court as to why there was some error in his conviction. That's what the habeas remedy would be in this case, if he were entitled to habeas. How would that be a miscarriage of justice to Michigan, that you simply have to defend that conviction on the merits? Well, I step back to 2254D. Petitioner asked to show the state rejection of his claim violated clearly established federal law. And he hasn't made any such showing. In a practical matter, what arguments did they suggest they even would have to the state appellate court? I don't recall. He included them in his motion for relief from judgment and already lost on those. So it would just be a question of he would be getting a written explanation of why he loses, as opposed to one sentence that says, denied for lack of merit. If you have to go through that, how would Michigan suffer a miscarriage of justice if you have to go through what sounds like a rather perfunctory, likely perfunctory state appellate review? Well, it's always improper to require for a federal court to intervene and take any action regarding a state court conviction, unless that state court conviction violated clearly established federal law. This conviction did not violate clearly established federal law, so there's no action for the federal court to take. I guess I'm just puzzling, and it's not important to the decision, why he didn't just take, spend far less effort and just take the state appeal rather than... Well, we have an opinion from the district court that's in Lexis right now that says something is within 42 days, it's actually the 43rd day, and the judge didn't care. The state rules have already changed, though. You've already got a mailbox rule that's going to change the whole thing nonetheless. Well, but you have an opinion that has bad math in it, and you have a federal judge who wasn't concerned that he's intervening regarding a state court conviction where we showed him belatedly that his federal constitutional rights were not violated. Could you have made that same argument to the state appellate court? I'm sorry? Why couldn't you have made that argument to the state appellate court in arguing that the review should be more limited? That could be made, that argument. In terms of a miscarriage of justice, by giving you a new issue, raising a new issue here, I guess I'm curious, why didn't you just go to the state appellate court and make your 43-day argument there? Because the federal court decision was wrong. His federal constitutional rights were not violated. I mean, it's that simple. His math is wrong, and he didn't care. And he actually said, we waive our substantive defenses to the merits. Now, the state can waive procedural defaults, it can waive statute of limitations, but we cannot waive the substantive defenses to the merits. That's why the federal court has an independent obligation. Rule 4 starts with Rule 4. The federal constitutional argument is the ineffective assistance of counsel. So the district court, because you go to make the argument, the district court simply said that he filed the wrong type of appeal. But if it gets sent back to the district court, presumptively, he gets to raise all the merits as to how counsel was otherwise ineffective. So it goes back to the district court. His other nine claims should be sent back to the district court. And so the district court will then have to deal with all of those in terms of whether there's other ineffectiveness. So in terms of the constitutional violation, he may have a violation or he may not. Your argument is just he didn't have a constitutional violation on the time of the decision. As of today, he has not shown the entitlement to any habeas relief. But none of the others have been developed, right? That's right. And until a federal judge is persuaded that he's shown a federal constitutional violation, he is presumptively... And that's why the court didn't address the other issues. I mean, those other issues go away if this court agrees that there's no violation of constitutional rights. No, I don't think so. He had ten full claims. If you agree with me, you still need to remand the other nine. So my question to your opponent, I'll ask to you. Why shouldn't we give the district court a chance to consider your related argument? You said, oh, the problem is the district court covered his ears and didn't listen to your argument. Why shouldn't we just say, hey, on appeal, we think you this day have raised some interesting issues and therefore we're going to remand so the district court can decide to hold a hearing and develop the facts? Well, I agree with the opposing counsel on this one item, that that would not be correct. Because under pinholster, you're not allowed to expand the record when a claim has been rejected on the merits. And just last year in the ORB vigil, this court said that the evidentiary restrictions under pinholster cannot be waived. Now, pinholster and this other case that you're citing from our circuit, are they involving the petitioner trying to have an evidentiary hearing for the state? I don't recall. It's usually the petitioner. I don't have the statute in front of me, so if you can feel free to correct me. Isn't the statute written in terms of the petitioner trying to expand the record? I believe it is, but the state's not asking for anything to be expanded. And in fact, there was a case from this court last year, where the state and the petitioner stipulated to have extra information be submitted to the federal district court, and this court of the 6th circuit said that's not allowed. And they said the state can't even stipulate to add documents or information to the record that is in front of the federal district judge because the federal district judge is reviewing the decision of the state court of appeals made on the record that was before the state court of appeals, and not an expanded record. If you could supply that citation, that would be good. Your red light is on. Thank you both. Thank you.